•Houck, J.
The plaintiff in error,. Ellis Beeson, was the plaintiff 'below and the defendants in error were the defendants below.
Plaintiff in his suit in the court of common pleas sought to recover damages in the sum of $7000 from the defendants for personal injuries, which he claimed as the result of a collision between a Ford ‘automobile driven by him and a motor ambulance driven by an employe of the defendants.
In the common pleas court the cause was submitted to a jury and a verdict returned for the defendants. A motion for a new trial was filed,, heard and overruled, and a judgment entered on the verdict.
Plaintiff in error seeks a reversal of the judgment below and in his petition in error sets forth numerous grounds of alleged prejudicial error.
After a careful reading of the bill of exceptions and the record here presented we find errors in the record prejudicial to the rights of the plaintiff in error as hereinafter 'set forth.
*484 A. P. Hess was sworn and examined as a witness on behalf of plaintiff, and on pages 88, 89, 90 and 91 we find the following:
' “Q. What is your name? A. My name is A. P. Hess.
“Q. What business are you in, Mr. Hess ? A. I am in the automobile business.
“Q. Plow long have you been engaged in the automobile business ? A. About ten years.
“Q. Do you remember the time of the collision on the Granville road near Sixteenth street some •time in March, 1915? A. I do; yes, sir. * * *
“Q. About how far were you behind these machines- at the time of the collision ? A. About one block.
“Q. At what speed was it’ coming? A. Well, 1 couldn’t judge the speed from where I wa's, but it was coming fast.
“Q. What did you hear ? A. I heard them strike.
“Q. How much experience have you had in handling automobiles ? A. About ten years.
“Q. I will 'ask you to state from your experience ■as an automobile salesman or driver whether* the •driver of the ambulance when this collision occurred, just from 'the way he was coming and the way the collision occurred or happened, whether or not in your opinion he had his car under control?
“By Phil B. Smythe: I object.
“The Court: I think you may show the facts. I don’t think it is subject to an expert opinion. The objection is sustained.
“By J. R. Fitzg'ibbon: Note an exception; and we offer to prove that the witness will say that in his judgment at the time of this accident the driver *485 of the ambulance did not have the ambulance under control, and we wish an exception.
“The court refused to permit the plaintiff to so prove, to which refusal of the court counsel for plaintiff then and there excepted.”
We think that this testimony should have gone to the jury and that its exclusion by the court was ■clearly prejudicial to the rights of the plaintiff below. The plaintiff alleges in his petition that “the employee of the defendants, driving said motor ambulance, was driving the same at a furious, unlawful and reckless rate of speed, which rate of-speed was in violation of the laws of the state of Ohio, and so reckless that the driver of said motor ambulance had no control over the machine.”
This testimony tended to prove one of the material allegations in the petition and to establish negligence on the part of the defendants, as claimed by plaintiff, and it being necessary for the plaintiff to prove the essential allegations in his petition it seems to us that it was clearly competent to show by the witness, Hess, who qualified as an expert, just -what plaintiff attempted to prove by ■this testimony; and therefore we hold that it wa's improperly excluded by the court.
Before counsel argued the case to the jury, and at the request of counsel for the defendants, the ■court instructed the jury as follows:
(a) “If you find from the evidence that the plaintiff’s car approached the scene or point at which the collision took place on the south side of Granville street traveling westwardly, and you find from the evidence that the defendants’ ambulance approached the scene or point where the col *486 lision occurred on the south side of Granville street or road traveling eastwardly, and plaintiff’s car approached said point on the south side of said Granville street so close that in the exercise of .reasonable care it appeared to the driver of defendants’ ambulance that the plaintiff intended to continue on the south side of Granville street or road, and you find that the driver of defendants’ ambulance turned the same to the left to avoid a collision, and you further find that at the same time plaintiff turned his car to the right, thereby causing the collision, the court charges you that in so doing the driver of defendants’ ambulance was not negligent in 'the operation and driving of said ambulance by turning to the left, even if you.find that the driver of said ambulance erred in his judgment upon being confronted by said state of facts, and that defendant in the exercise of due care was not bound to bring his ambulance to a stand-still.”
(b) “Every person has a right in governing his own conduct to assume that’others will perform their duty, and also act accordingly, until he see's, or by the exercise of ordinary care might see that it is dangerous to do so. Therefore, if you find from the evidence that the defendants’ ambulance approached the scene of the accident on the south side of the road, traveling eastwardly, he had a right to assume that the plaintiff would bear to the right and pass him on the north side of the road. That if in the exercise of ordinary care it appeared to him that it was dangerous to continue driving on the south side of said road, the defendant was not negligent in attempting to avoid such threatened danger by attempting to pass plaintiff’s *487 car on the north side of the road, if you find from the evidence that he did so attempt to pass the plaintiff’s car; and the 'defendant would not be guilty of negligence in so doing, even though you find that his judgment was bad in said respect, if you find that he had reasonable grounds for believing that the course he pursued would be the safest. A person in a place of danger is not to be held to 'such a course as would seem most judicious on deliberate survey of the situation after the accident. The question is not what a careful person would do, but what he might reasonably be expected to do in the presence of the peril, and this is for the jury.”
It is die duty of a trial court to submit to the jury propositions of law before argument, if they are correct propositions and applicable to the issues in the case.
The language used in the above charges, as we construe, it, simply left it with the driver of the motor ambulance to determine the fact as to whether or not he believed, or had a right so to do, that the plaintiff intended to continue on the south ’side of Granville street, and whether or not he could have avoided the collision. These were questions of fact to be submitted to the jury to be passed upon and determined by it, and not by the driver of the motor ambulance. These questions were for the jury to decide under all the circumstances of the case, taking into consideration the rapidity with which both cars were traveling at the time, their relative position to each other, and whether the driver of the car of the defendants had it under proper control; all of which must be *488 determined 'by the jury under the evidence submitted.
These propositions of law, as given to the jury, left nothing for it to pass upon as to whether or not the driver of the car of the defendants was negligent, because the force and effect of the instruction was that this question was to be determined by the driver, and if he so believed, then the plaintiff could not recover.
It necessarily follows from what we have already said that the judgment of the court of common pleas should be reversed.

Judgment reversed, and-cause remanded for new trial.

Powell, J., concurs.